IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES C. HOWARD,

    Plaintiff,

v.                                                                            Civil Action No. 3:13CV661

SCOTT EHRENWORTH, *et al.*,

    Defendants.

## MEMORANDUM OPINION

James C. Howard, a Virginia inmate proceeding *pro se* and *in forma pauperis*, submitted this 42 U.S.C. § 1983 action.[1] The action is filed. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

A.     **Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.    Summary of Allegations

On July 9, 2012, a grand jury in the Circuit Court for the City of Newport News ("Circuit Court") indicted Howard on one count of grand larceny and one count of burglary. *See Commonwealth v. Howard*, Nos. CR12001242-00, CR12001243-00 (Va. Cir. Ct. July 9, 2012).[2] On or about February 21, 2013, a jury found Howard guilty, and convicted him of both counts. *Id.*

In his Complaint, Howard alleges that Defendant Ehrenworth, an Assistant Commonwealth's Attorney in Newport News, Virginia, "s[ought] a fraudulent purported indictment" (Compl. 4)[3] and "with no proof that proper procedure law was followed, allowed a

---

[2] *See* http://www.courts.state.va.us/courts/circuit/newport_news/ (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Newport News Circuit Court" from drop-down menu and follow "Begin" button; type "Howard, James," and then follow "Search by Name" button; then follow hyperlinks for "CR12001242-00" and "CR12001243-00").

[3] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system.

defective trial to take place" (*id.* at 5). Howard alleges the indictments are invalid because the grand jury failed to return them in "'open court.'" (*Id.* at 5–7.)

Howard alleges that Defendant Anderson, Chief Deputy Clerk of the Circuit Court, violated sections 17.1–123[4] and 124[5] of the Virginia Code by failing to provide Howard with "a copy of the proceedings of grand jury indictments" upon request. (*Id.* at 8.) Howard further alleges that Defendants "conspired against [Howard] thru fraud," (*id.* at 10), by "creating a document that was a list of 80 to 90 names of persons indicted on July 9, 2012," (*id.* at 4–5), "claiming it to comply with [Va. Code Ann. §] 17.1–240[6] . . . ." (*id.* at 9).

---

[4] The statute provides, in pertinent part:

All orders that make up each day's proceedings of every circuit court shall be recorded by the clerk in a book known as the order book. Orders that make up each day's proceedings that have been recorded in the order book shall be deemed the official record pursuant to § 8.01-389 when (i) the judge's signature is shown in the order, (ii) the judge's signature is shown in the order book, or (iii) an order is recorded in the order book on the last day of each term showing the signature of each judge presiding during the term.

Va. Code Ann. § 17.1–123(A) (West 2014).

[5] The statute provides, in pertinent part:

Except as otherwise provided herein, each circuit court clerk shall keep order books or, in lieu thereof, an automated system recording all proceedings, orders and judgments of the court in all matters . . . .

Va. Code Ann. § 17.1–124 (West 2014).

[6] The statute provides, in pertinent part:

A procedural microphotographic process, digital reproduction, or any other micrographic process which stores images of documents in reduced size or in electronic format, may be used to accomplish the recording of writings otherwise required by any provision of law to be spread in a book or retained in the circuit court clerk's office, including, but not limited to, the civil and criminal order books . . . .

Va. Code Ann. § 17.1–240 (West 2014).

4

Howard demands $75,000 in damages. (Compl. 12.) As explained below, the Court will dismiss Howard's § 1983 action with prejudice.

### C. Claims Raised on Appeal

Howard's present allegations are identical to the issues he presented to the Court of Appeals of Virginia on appeal of his convictions. In his Complaint, he merely rehashes the same arguments, clumsily reframing them as purported violations of his constitutional and statutory rights. On appeal, Howard "contend[ed] that he was not properly indicted because the indictments were not read aloud in open court . . . ." *Howard v. Commonwealth*, 760 S.E.2d 828, 829 (Va. Ct. App. 2014) (citation omitted). Howard "also maintain[ed] that the indictment is defective because the order which recites the grand jury proceedings does not provide a photographic image of the indictment returned." *Id.* at 830.

The Court of Appeals of Virginia thoroughly examined the facts and held "that the indictments were valid and properly 'presented in open court and the fact recorded,'" as required under Virginia law. *Id.* at 831 (citing *Reed v. Commonwealth*, 706 S.E.2d 854, 859 (Va. 2011)). Finding that the Circuit Court followed proper procedure, the Court of Appeals affirmed Howard's convictions. *Id.*

### D. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Howard's Complaint fails to state a claim against either Defendant.

### 1. Defendant Anderson

For Defendant Anderson, Howard states:

> On Oct. 16, 2012[,] plaintiff . . . wrote a letter to the clerk's office in the city of Newport News, VA requesting a copy of the proceedings of grand jury indictments that are to be recorded in the criminal court's "order book" . . . according to Virginia code.
> Addressing my letter to Rex A. Davis, the Head clerk, I rec[ei]ved a response . . . from Chief Deputy clerk, Gary Anderson, stating[:] "This is to advise you that we do not have order books for each indictment," . . . .
> . . . .
> Anderson made it clear thru his response . . . that there is "no" order books kept . . . which clearly violates the Virginia code.

(Compl. 8–9.)

"Federal courts are required to accept the State courts' interpretations of State laws and proceedings." *Perkins v. Peyton*, 369 F.2d 590, 594 (4th Cir. 1966) (Bryan, J., dissenting). The Court of Appeals of Virginia held that Defendant Anderson followed the "precise procedure" for recording indictments required by the Virginia Code. *Howard*, 760 S.E.2d at 831. Specifically, the Court of Appeals found that "[t]he indictments returned by the grand jury . . . were recorded in electronic format. They were put into the defendant's case file, which is an electronic case file. The electronic record of the indictment, as permitted by [Virginia] Code § 17.1–240, became a part of the case file and the record of this case." *Id.* Howard fails to present any facts that persuade this Court to doubt the soundness of the Court of Appeals's conclusion. Accordingly, Howard fails to state a claim under § 1983, as he does not demonstrate that Anderson deprived him of either a constitutional right or a right conferred by a law of the United States. *See Dowe*, 145 F.3d at 658 (citing 42 U.S.C. § 1983). He therefore fails to state a claim upon which the Court can grant relief. Because his claims rest upon "'an indisputably meritless legal theory,'" *Clay*, 809 F. Supp. at 427 (quoting *Neitzke*, 490 U.S. at 327), the Court will DISMISS WITH PREJUDICE Howard's claims against Defendant Anderson.

## 2. Defendant Ehrenworth

For Defendant Ehrenworth, Howard states:

Commonwealth attorney Scott Ehrenworth did not make sure that proper procedure law was followed as a[n] officer of the court[.] His negligence violates the 5th Amend. Due process of not being tried under a valid indictment,[7] 6th Amend. Due process,[8] and the 14th Amend. Due process of Law and Equal protection of Law,[9] of The United States Constitution as well as The Virginia Constitution under Section 8[10] and section 11[11]. . . . The commonwealth with no factual evidence, manipulated the court thru "intrinsic fraud" with the assistance of the "chief Deputy clerk of Newport News," "Gary Anderson" by creating a document that was a list of 80 to 90 names of persons indicted on July 9, 2012, signed by judge Pugh, saying the document complied with code 17.1-240, but that list of names do not comply.

(Compl. 4–5.)

"[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (citations omitted). Prosecutorial immunity extends to actions taken while performing "the

---

[7] "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury . . . ." U.S. Const. amend. V.

[8] The amendment provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

[9] "No state shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[10] "[I]n criminal prosecutions a man hath a right to demand the cause and nature of his accusation . . . ." Va. Const. art. 1, § 8.

[11] "[N]o person shall be deprived of his life, liberty, or property without due process of law . . . ." Va. Const. art. 1, § 11.

7

traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994).

Howard alleges that Defendant Ehrenworth violated his rights under the U.S. Constitution and Virginia law by prosecuting allegedly invalid indictments, and through conspiring with Defendant Anderson to produce allegedly inadequate records from the Clerk's order books. Howard's claims are wholly devoid of merit. First, the Court of Appeals of Virginia upheld the validity of Howard's indictments on appeal. *Howard*, 760 S.E.2d at 831. Defendant Ehrenworth's decision to bring charges upon valid indictments falls squarely within the ambit of his role as an advocate for the state. *Kalina*, 522 U.S. at 131 (citations omitted). Moreover, Howard fails to allege any facts suggesting Defendant Ehrenworth participated in Defendant Anderson's production of records. In short, Howard fails to allege any credible facts to indicate that Defendant Ehrenworth acted outside his prosecutorial duties. Accordingly, because Defendant Ehrenworth's actions are entitled to absolute prosecutorial immunity, Howard's claims are legally frivolous and will be DISMISSED.

### E. Conclusion

For the reasons set forth, the Court will DISMISS Howard's claims. The action will be DISMISSED WITH PREJUDICE. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 1/14/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge